IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


AIMEE L.,[1]                                                        No.  6:20-cv-1280-HZ

                    Plaintiff,                              OPINION & ORDER

      v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

                    Defendant.


Sherwood J. Reese
Luke Moen-Johnson
Drew L. Johnson
Drew L. Johnson, P. C.
1700 Valley River Dr, Ste 100
Eugene, OR 97401
        Attorneys for Plaintiff

---

[1] In the interest of privacy, this Opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this Opinion uses the same designation for a non-governmental party's immediate family member.

1 – OPINION & ORDER

Renata Gowie
Assistant United States Attorney
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204

Kelly Arefi
Summer Stinson
Diana Swisher Andsager
Social Security Administration
Office of the General Counsel
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104

      Attorneys for Defendant

HERNÁNDEZ, District Judge:

      Plaintiff Aimee L. brings this action seeking judicial review of the Commissioner's final

decision to deny supplemental security income ("SSI"). This Court has jurisdiction pursuant to

42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1383(c)(3)). The Court reverses the

Commissioner's decision and remands the case for further administrative proceedings.

## PROCEDURAL BACKGROUND

      Plaintiff applied for SSI on October 19, 2017, alleging an onset date of October 19, 2017.

Tr. 17, 111.[2] Her application was denied initially and on reconsideration. Tr. 17, 98, 111.

      On May 31, 2019, Plaintiff appeared with counsel for a hearing before an Administrative

Law Judge ("ALJ"). Tr. 55. On August 13, 2019, the ALJ found Plaintiff not disabled. Tr. 29.

The Appeals Council denied review. Tr. 1.

//

---

[2] Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative
record, filed herein as Docket No. 12.

## FACTUAL BACKGROUND

Plaintiff alleges disability based on neck, shoulder, right arm, arthritis, dyslexia, stenosis, sciatica, ADHD, PTSD, nerve compression, degenerative disc, and asthma. Tr. 239. At the time of the alleged onset date, she was 33 years old. Tr. 111. She has a 6th grade education level and no past relevant work. Tr. 20, 280.

## SEQUENTIAL DISABILITY EVALUATION

A claimant is disabled if they are unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Disability claims are evaluated according to a five-step procedure. *See Valentine v. Comm'r*, 574 F.3d 685, 689 (9th Cir. 2009) (in social security cases, agency uses five-step procedure to determine disability). The claimant bears the ultimate burden of proving disability. *Id.*

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled. *Id.*

In step three, the Commissioner determines whether the claimant's impairments, singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 141;

20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if

not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any

impairment(s), has the residual functional capacity (RFC) to perform their "past relevant work."

20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can perform past relevant work, the

claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to

the Commissioner. In step five, the Commissioner must establish that the claimant can perform

other work. *Yuckert*, 482 U.S. at 141–42; 20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f). If the

Commissioner meets their burden and proves that the claimant can perform other work that

exists in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1566,

416.966.

## THE ALJ'S DECISION

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful

activity after her alleged onset date. Tr. 19. Next, at steps two and three, the ALJ determined that

Plaintiff has the following severe impairments: "cervical degenerative disc disease (DDD),

obesity, mild lumbar DDD with sciatica, asthma, attention deficit hyperactivity disorder

(ADHD), generalized anxiety disorder (GAD), claustrophobia, obsessive compulsive disorder

(OCD), bipolar disorder, severe stimulant use disorder, severe alcohol use disorder, and

borderline personality disorder." Tr. 19. However, the ALJ determined that Plaintiff's

impairments did not meet or medically equal the severity of a listed impairment. Tr. 20. At step

four, the ALJ concluded that Plaintiff has the residual functional capacity to perform light work

as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with the following limitations:

> she can lift and carry 20 pounds occasionally and 10 pounds frequently, and can
> stand and/or walk for approximately 6 hours and sit for 6 or more hours, in an 8-

> hour workday, with normal breaks. The claimant cannot climb ladders, ropes and scaffold and can occasionally climb stairs and ramps. The claimant can occasionally balance, stoop, kneel and crouch, but cannot crawl. She can occasionally reach overhead bilaterally and frequently reach in all other directions. She can frequently handle, finger and feel with the bilateral upper extremities. The claimant should have only occasional exposure to atmospheric conditions and no exposure to moving mechanical parts and high, unprotected place hazards, as rated by the Dictionary of Occupational Titles (DOT). The claimant can understand, remember and carry out simple and routine instructions that can be learned in 30 days or less. Instruction should be delivered by demonstration. The claimant is limited to occasional public, co-worker and supervisor contact. She cannot perform group tasks and has no limit on incidental coworker and supervisor contact. The claimant should perform only low stress work, which is defined as requiring only occasional changes in work setting, occasional changes in work duties, and no work on a conveyor belt.

Tr. 21-22. At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as "cleaner-housekeeping" and "inspector." Tr. 28. Thus, the ALJ concluded that Plaintiff is not disabled. Tr. 29.

## STANDARD OF REVIEW

A court may set aside the Commissioner's denial of benefits only when the Commissioner's findings "are based on legal error or are not supported by substantial evidence in the record as a whole." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted). The court considers the record as a whole, including both the evidence that supports and detracts from the Commissioner's decision. *Id.*; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." *Vasquez*, 572 F.3d at 591 (internal quotation marks and brackets omitted); *see also Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) ("Where the evidence as a whole can support either

a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's") (internal

quotation marks omitted).

## DISCUSSION

Plaintiff argues that the ALJ erred in: (1) weighing the medical opinion evidence; and (2)

failing to consider her obesity in the RFC. Pl. Brief at 2–3. She also contends that new evidence

submitted to the Appeals Council shows that the ALJ's determination was not supported by

substantial evidence. *Id.*

## I.      Medical Opinion Evidence

New regulations about weighing medical opinion evidence apply to claims filed on or

after March 27, 2017. Rules Regarding the Evaluation of Medical Evidence, 2017 WL 168819,

82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c. Under the new

regulations, ALJs are no longer required to give deference to any medical opinion, including

treating source opinions. *Id.* Instead, the agency considers several factors. §§ 404.1520c(a),

416.920c(a). These are: supportability, consistency, relationship to the claimant, specialization,

and "other factors." 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5). The "most important"

factors in the evaluation process are supportability and consistency. 20 C.F.R. §§ 404.1520(b)(2),

416.920(b)(2). The supportability factor considers the degree of relevant "objective medical

evidence and supporting explanations" relied on by a medical source to support their opinion. 20

C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). The consistency factor analyzes how consistent the

medical opinion is with other medical and non-medical evidence in the record. C.F.R. §§

404.1520c(c)(2), 416.920c(c)(2).

Under this framework, the ALJ is required to explain how supportability and consistency

were considered and may explain how the other factors were considered. 20 C.F.R

§§404.1520c(b)(2), 416.920c(b)(2). When two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported…and consistent with the record…but are not exactly the same," the ALJ is required to explain to how the other factors were considered. 20 C.F.R. §§404.1520c(b)(3), 416.920c(b)(3).

Plaintiff argues the ALJ erred in discounting the medical opinions of Wayne Taubenfeld, PhD and Christopher A. Park, OTR.

### A.    Wayne Taubenfeld, PhD

Dr. Taubenfeld conducted a one-time psycho-diagnostic evaluation of Plaintiff. Tr. 1024. This included a clinical interview and a series of objective tests. *Id.* He then completed a mental health functional capacity assessment. Tr. 1037. In the assessment, Dr. Taubenfeld found Plaintiff had a marked limitation in the "ability to maintain attention and concentration for extended periods" and various other moderate limitations related to sustained concentration and persistence and social interaction. Tr. 1038.

The ALJ found that Plaintiff's past part-time work "over a long period of time" in fast food was not consistent with the limits in Dr. Taubenfeld's assessment. Tr. 26–27. Plaintiff worked at McDonalds part-time for the first three months of the period relevant to her SSI claim. She testified that she was the "cashier at the back drive" and was "very good" at that position. Tr. 69. She explained that the accommodations she received were related to physical limitations. *Id.* By January 2018, Plaintiff no longer worked at McDonalds. Two separate chart notes document that she left her part-time job due to pain and trouble standing for a prolonged period. Tr. 1074 ("pain prevented her from working an 8 hour shift at a fast-food restaurant"); Tr. 1140 ("she has had to discontinue work at McDonalds as she could not tolerate the prolonged standing at service window"). There is nothing in the record that supports that she struggled in this fast paced

position due to troubles with concentration. Given the degree of concentration required to keep up in fast food restaurant, the ALJ reasonably relied on this inconsistency to reject Dr. Taubenfeld's opinion that Plaintiff had marked and moderate limitations in concentration and persistence.

The remaining reasons offered by the ALJ are not valid. [3] The ALJ noted that unremarkable findings on most of Plaintiff's mental status exams supported her ability to work. A review of the record shows that visits with unremarkable findings related to Plaintiff's "psychiatric orientation" are interspersed with visits where her doctors noted some difficulties with concentration. Tr. 1195, 1201, 1208, 1218, 1242. *See Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (citation omitted) ("[W]e must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence."). Thus, some normal findings, in light of these other visits do not constitute substantial evidence.

The ALJ also noted that Dr. Taubenfeld failed to address that Plaintiff was "in the midst of a methamphetamine and alcohol relapse" at the time of the assessment. Tr. 27. However,  Dr. Taubenfeld expressly considered Plaintiff's history of substance abuse and noted her recent relapse at the time of the assessment. Tr. 1027, 1035.

Finally, in the ALJ's earlier discussion of the Assessment she discounted Dr. Taubenfeld's ADHD measure because it relied on a "self-reported measure of ADHD symptoms and all other records found ADHD was only a rule-out diagnosis." Tr. 26. First, not all records described Plaintiff's ADHD as a "rule-out diagnosis." Tr. 387, 716, 997, 1004, 1075, 1201,

---

[3] The Commissioner concedes that the ALJ mistakenly relied on Plaintiff's past work at the Dollar Tree to discount Dr. Taubenfeld's assessment. Def. Brief at 6, ECF 15.

1208, 1252. Next, substantial evidence does not support the ALJ's conclusion about the ADHD measure. Dr. Taubenfeld's report states that the measure, though based on Plaintiff's self-reports is "highly normed and offers a reliability scale." Tr. 1030. The Ninth Circuit has noted that "[p]sychiatric evaluations may appear subjective, especially compared to evaluation in other medical fields" but that "the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness." *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017). Accordingly, the fact that a normed psychiatric evaluation incorporates a patient's self-reports is not a basis to discount the opinion.

Still, substantial evidence supports the ALJ's rationale for rejecting Dr. Taubenfeld's opinion. While the ALJ made several errors in her analysis of Dr. Taubenfeld's opinion, under the new regulations, consistency is one of the most important factors. The ALJ relied on a significant inconsistency between Plaintiff's activities and Dr. Taubenfeld's finding on concentration to discount this opinion. *See* 20 C.F.R. §§ 404.1520(b)(2), 416.920(b)(2). The other errors committed by the ALJ were harmless. *See Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (applying harmless error analysis to the evaluation of a medical opinion); *see also Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155 (9th Cir. 2009) (finding harmless error where alternative reasons supported the ALJ's finding).

**B.    Christopher A. Park, OTR**

Occupational Therapist Christopher A. Park conducted a one-time assessment of Plaintiff's functional capacity intended for vocational planning. Tr. 1039. Mr. Park concluded that Plaintiff was limited to working at the sedentary physical demand level and the light physical demand level on a part-time basis. Tr. 1044. The beginning of the report notes that the

evaluation is "not intended for use in measuring impairment, disability or residual functional capacity related to application for social security disability." Tr. 1039.

The ALJ found Mr. Park's opinion "not fully persuasive." Tr. 27. She noted that it conflicted with Plaintiff's self-report of being able to lift up 20 lbs and that it was not supported by neurological findings and other medical evidence in the record. Tr. 27.

The ALJ did not err in discounting Mr. Park's opinion. She permissibly relied on the lack of consistency between Mr. Park's findings and the other medical and non-medical evidence in the record. This included Plaintiff's self-reported lifting limit, interpretations of imaging, and other strength testing in the record. Tr. 397, 658, 703,1060, 1076, 1206. While the ALJ did not cite to all these notes in the paragraph about Mr. Park's opinion, she provided a detailed description of Plaintiff's medical history related to her physical impairments that supports these findings. Tr. 23–24.

Plaintiff argues the ALJ erred by not including a limitation related to fast paced, highly repetitive or machine passed work in the hypothetical posed to the vocational expert. Pl. Brief at 13. This limitation was based on a finding from Mr. Park's assessment. Tr. 1042–1043. The ALJ did not err here because she was not required to incorporate Mr. Park's opinion into the hypothetical question and the RFC that was permissibly discounted. *See Batson v. Commissioner*, 359 F.3d 1190, 1197 (9th Cir. 2004).

## II.    Consideration of Obesity

The ALJ adequately considered Plaintiff's obesity in determining her RFC. At step two, the ALJ found Plaintiff's obesity to be a severe impairment. Tr. 19. In her analysis, the ALJ discussed Plaintiff's obesity, including that it was "likely affecting her overall ability to

function" and its interaction with her other conditions. Tr. 23–24. The RFC limits Plaintiff to light work and occasional overhead reaching. Tr. 22–23.

Plaintiff complains that this analysis was inadequate, and that the RFC does not account for Plaintiff's obesity. She does not, however, point to evidence in the record of any functional limitations resulting from or exacerbated by her obesity that the ALJ failed to consider. *See Burch v. Barnhart*, 400 F.3d 676, 684 (9th Cir. 2005). Thus, Plaintiff has not shown that her obesity caused work related impairments not accounted for in the RFC.

### III.    Evidence Submitted for the First Time to the Appeals Council

For the first time to the Appeals Council, Plaintiff submitted medical records related to her visual impairments and headaches. Tr. 37–51. Plaintiff argues that these records substantiate her migraine diagnosis and may contribute to her alleged difficulty sustaining attention, concentration, and pace. Pl. Brief at 19.

Plaintiff's new evidence is part of the administrative record, and accordingly, the Court must consider it in determining whether the ALJ's decision was supported by substantial evidence. *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1159–60, 1163 (9th Cir. 2012) ("when the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence.").

As the Commissioner points out, some of the evidence submitted to the Appeals Council was duplicative and already considered by the ALJ. However, some of the other evidence, particularly related to Plaintiff's headaches and idiopathic intercranial hypertension, was not. *See Ward v. Colvin*, No. 3:14-CV-01162-HZ, 2015 WL 5032038, at *6 (D. Or. Aug. 25, 2015) (when

new evidence conflicted with evidence the ALJ relied on and supported the discounted opinion

of a medical provider, the Court found that the ALJ's decision was not supported by substantial

evidence); *Daniel D. v. Comm'r, Soc. Sec. Admin.*, No. 3:18-CV-00654-HZ, 2019 WL 4467631,

at *3 (D. Or. Sept. 17, 2019) (same). The Commissioner points out possible reasons why the

conditions and symptoms identified in the new records may have been effectively managed with

treatment. Def. Brief at 13. But weighing the new evidence and identifying possible limitations is

outside of this Court's purview. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir.2008)

(the ALJ is "the final arbiter with respect to resolving ambiguities in the medical evidence.").

The ALJ noted Plaintiff's migraines once but otherwise omitted a discussion of her headaches

and related symptoms. Tr. 24.

　　　　The new records create some ambiguity regarding the effects of Plaintiff's migraines and

whether they are effectively managed with medication. *See* Tr. 41, 47. After considering these

new records, the Court finds that substantial evidence does not support the ALJ's decision. A

remand for additional proceedings will allow the ALJ to consider the new evidence and

incorporate any impairments and limitations as appropriate. *See Garrison*, 795 F.3d at 1020

(remand is appropriate when the record is not fully developed, and additional administrative

proceedings would be useful).

//

//

//

//

**CONCLUSION**

Based on the foregoing, the Commissioner's decision is REVERSED and REMANDED

for administrative proceedings.

IT IS SO ORDERED.

DATED: ___December 30, 2021___ .


MARCO A. HERNÁNDEZ

United States District Judge